**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOVITA PEDRAZA-AYALA,

      Defendant-Appellant.

No. 07-1365

District of Colorado

(D.C. No. 06-CR-00442-MSK)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Jovita Pedraza-Ayala pled guilty in federal court to illegal reentry of a previously deported alien and received a 30-month sentence. She has appealed to this Court. Her counsel, Robert Pepin, moved to withdraw as counsel and filed an *Anders* brief, explaining that after a diligent search he could find no non-frivolous grounds of appeal. Neither Ms. Pedraza-Ayala nor the government has submitted

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a brief. Because we, too, find no non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## BACKGROUND

Ms. Pedraza-Ayala is a 56-year-old citizen of Mexico who first entered the United States illegally at 18, and has lived here most of the time since. After being deported in 1995 for an aggravated felony conviction, she reentered the country and in October, 2006, was charged with a single count of illegal reentry. 8 U.S.C. § 1326.

She received the assistance of a federal public defender, and in March, 2007, filed a *pro se* motion requesting that the district court dismiss her lawyer and appoint a replacement because she was "in need of an attorney that is informed about [i]mm[i]gration laws," and believed there was "a conflict of [i]nt[e]rest between Mr. Pepin and [her]self." R. Vol. I, Doc. 15. The district court held a hearing where Ms. Pedraza-Ayala explained her objections, and it became clear that there was no conflict of interest in the legal sense—the defendant simply wanted an immigration specialist. The district judge rejected the motion, explaining: "Mr. Pepin is a very skilled and knowledgeable attorney. His speciality is criminal law. I can only let him withdraw if I find good cause. And your desire to get legal advice with regard to immigration is not good cause for him to withdraw." R. Vol. II, at 7–8.

In April, 2007, Ms. Pedraza-Ayala then informed the district court that she wished to plead guilty. She signed a plea agreement with the government under which she pled guilty to illegal reentry, and the government agreed to recommend a three-point sentencing reduction for acceptance of responsibility and a sentence at the bottom of the advisory guidelines range. Ms. Pedraza-Ayala then appeared before the court and pled guilty, testifying (through an interpreter) that she understood her plea and its consequences, and that the facts alleged by the government were true. She corrected one minor error: that her previous felony conviction was in Santa Cruz, not in Santa Barbara.

Ms. Pedraza-Ayala appeared for sentencing in July 2007, but was too ill to proceed. This may have been due to trouble she had receiving medical treatment for a time while she was in custody, an issue the judge and defense counsel dealt with at some length below. She went to the hospital and appeared again for sentencing a week later, explaining that she felt "fine." R. Vol. V, at 3. The Presentence Report calculated a total offense level of 13 (a base offense level of 8, an 8-point enhancement because she was deported after an aggravated felony, and a 3-point reduction for acceptance of responsibility) and a criminal history category of V (five) (for a series of fraud, theft, and traffic crimes). This produced a Guidelines range of 30–37 months. Neither party made any material objections and Ms. Pedraza-Ayala received a 30-month sentence. Ms. Pedraza-Ayala then appealed and her counsel filed an *Anders* brief.

## ANALYSIS

"The Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citations omitted).

Ms. Pedraza-Ayala has not filed a brief, so no party argues on appeal that there are any errors justifying reversal. After our own review, we agree. As to the issues mentioned in the *Anders* brief, we agree with Ms. Pedraza-Ayala's counsel. The district court did not abuse its discretion in refusing to appoint a new attorney. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006); *United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988). Nor is there any evidence that Ms. Pedraza-Ayala's plea was unknowing or involuntary or lacked a factual basis. *See United States v. Graham*, 466 F.3d 1234, 1239 (10th Cir. 2006); *United States v. Blair*, 54 F.3d 639, 643–44 (10th Cir. 1995). Finally, her

-4-

within-guidelines sentence is substantively and procedurally reasonable. *United States v. Angel-Guzman*, 506 F.3d 1007, 1010–17 (10th Cir. 2007). We have uncovered no other issues worth discussing, and certainly no non-frivolous grounds for appeal.

Defense counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.

Entered for the Court


Michael W. McConnell
Circuit Judge